```
 1  ROBBINS GELLER RUDMAN
       & DOWD LLP
 2  SAM S. SHELDON (190502)
    MATTHEW I. ALPERT (238024)
 3  655 West Broadway, Suite 1900
    San Diego, CA 92101
 4  Telephone: 619/231-1058
    ssheldon@rgrdlaw.com
 5  malpert@rgrdlaw.com

 6  HARDIN LAW OFFICE
    MATTHEW D. HARDIN
 7  101 Rainbow Drive, PMB 11506
    Livingston, TX 77399
 8  Telephone: 202/802-1948
    matthewdhardin@protonmail.com
 9
    Attorneys for Plaintiff
10
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT RUSSELL HENSSLER, JR., | ) Case No. **'26 CV0092 RBM MMP** |
|---|---|
| Plaintiff, | ) COMPLAINT UNDER THE |
| vs. | ) FREEDOM OF INFORMATION ACT |
| UNITED STATES SECURITIES & EXCHANGE COMMISSION, | ) |
| Defendant. | ) |

4911-2061-8368.v2

Plaintiff Robert Russell Henssler, Jr. ("Mr. Henssler" or "Plaintiff") for his complaint against defendant United States Securities & Exchange Commission ("SEC" or "Defendant") and, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, to compel production of records in response to a FOIA request which was submitted directly to Defendant via its online portal on September 30, 2025.

2. Defendant has unlawfully and constructively denied the request by failing to provide a timely "determination" within the meaning of FOIA, and also by failing to produce responsive records or otherwise perform in accordance with its obligations under FOIA, as explained by the Defendant's home court in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

3. Defendant has not responded to Plaintiff with a determination or substantive response with respect to the request. The only response Plaintiff has received is a confirmation that the request was received and assigned tracking number 26-00146-FOIA. Despite that the request was submitted using SEC's portal, which instantly transmitted the request to the agency, SEC erroneously claimed that it received the request not on September 30, 2025 (when it was sent) but instead on November 13, 2025.

4. Defendant has not given Plaintiff any estimate of the volume of records responsive to the request, nor a date by which responsive records would be produced, nor any information with respect to FOIA exemptions which the agency anticipates might apply.

5. Defendant has therefore failed to respond lawfully to Plaintiff's request. There is no obligation to administratively appeal Defendant's failure to provide a determination. *CREW*, 711 F.3d at 188.

6. Accordingly, Plaintiff files this lawsuit to compel Defendant to comply with the law and produce the properly described public records in this FOIA request.

- 1 -

## PARTIES

7. Mr. Henssler is an attorney who resides in the Southern District of California and maintains his office in San Diego. He is interested in the agency records at issue herein because he suspects the records may shed light on allegations that UnitedHealth Group Inc. and certain of its current and former executives violated federal securities laws and defrauded UnitedHealth investors during the time period of September 21, 2021 through July 28, 2025, inclusive. To the extent that the records at issue in this case may reveal serious violations of the federal securities laws, the public interest supports releasing such records.

8. Defendant SEC is a federal agency within the meaning of FOIA. 5 U.S.C. §552(f)(1). SEC has possession, custody, and control of at least some of the records responsive to Plaintiff's FOIA request. SEC is headquartered in Washington D.C., but operates throughout the United States, including in this District.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

10. Venue is proper in this Court under 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1391(e) because the Plaintiff is a resident of the Southern District of California.

11. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *CREW*, 711 F.3d at 188. *See also, e.g.*, *CREW v. DOJ*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

4911-2061-8368.v2

**PLAINTIFF'S FOIA REQUEST**

12. On September 30, 2025, Plaintiff submitted his request directly to Defendant via its FOIA records portal. That portal is a technology by which the request was immediately received by the agency.

13. On November 14, 2025, Defendant responded by claiming that the request was received November 13, 2025. Filed herewith as Exhibit A is a true and correct copy of SEC's acknowledgement letter.

14. FOIA provides that a requesting party is ordinarily entitled to a substantive agency response within 20 working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. §552(a)(6)(A)(i). Within that deadline, the agency must at minimum "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW*, 711 F.3d at 188. The agency may extend this 20 working day deadline to 30 working days by claiming "unusual circumstances," which SEC purported to do in this case.

15. 5 U.S.C. §552(a)(6)(A) establishes that FOIA's 20- or 30-day time limit shall not be tolled by the agency except in two narrow scenarios: "[T]he agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester," 5 U.S.C. §552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit "if necessary to clarify with the requester issues regarding fee assessment." 5 U.S.C. §52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

16. Neither of those scenarios are applicable to Defendant's actions in the instant matter, and therefore the applicable time limit was never tolled.

17. Defendant owed Plaintiff a "determination" as that term is defined in *CREW*, 711 F.3d at 188, no later than October 29, 2025. Even assuming *arguendo*

- 3 -

1  that SEC is correct in its erroneous assertion that it did not receive Mr. Henssler's
2  request until November 13, 2025, SEC owed Mr. Henssler a determination no later
3  than December 12, 2025.  And, even assuming *arguendo* SEC was entitled to 10
4  additional working days due to "unusual circumstances," SEC owed a determination
5  no later than December 27, 2025.

6    18.    As of this filing, Defendant has yet to provide any substantive response
7  or "determination" with respect to the request as that term is defined in FOIA and as
8  the United States Court of Appeals for the District of Columbia Circuit explained was
9  the obligation of every agency in *CREW v. FEC*, 711 F.3d at 188.

10    19.    In *Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31 (D.D.C. 2011), the
11 Defendant's home court noted:

> [The] effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements.  To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that "[a]n agency shall not assess search fees . . . if the agency fails to comply with ***any time limit***" of FOIA.

*Id.* at 38 (citation omitted).

20.    Defendant continues to improperly deny Plaintiff access to agency records in violation of FOIA, and also to withhold the statutorily required "determination" regarding what number of records are responsive to Plaintiff's request and being processed.

**FIRST CLAIM FOR RELIEF**
**<u>DUTY TO PRODUCE RECORDS – DECLARATORY JUDGMENT</u>**

21.    Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22.    Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

23.    Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

24.    Plaintiff is not required to further pursue administrative remedies.

- 4 -

25. Plaintiff asks this Court to enter a judgment declaring that:

  (a) Plaintiff was entitled to a determination in response to his request no later than October 29, 2025 or December 12, 2025;

  (b) Plaintiff is entitled to records responsive to his FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

  (c) Defendant's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA; and

  (d) Defendant must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

**SECOND CLAIM FOR RELIEF**
**DUTY TO PRODUCE RECORDS – INJUNCTIVE RELIEF**

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

28. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

29. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 business days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log (*see generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)) and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

4911-2061-8368.v2

**THIRD CLAIM FOR RELIEF**
**COSTS AND FEES**

30. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Pursuant to 5 U.S.C. §552(a)(4)(E), the Court may assess against the United States reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

32. This Court should enter an appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests this Court:

A. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

B. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

C. Declare that the documents sought by the Plaintiff in his request, as described in the foregoing paragraphs, are public records under 5 U.S.C. §552 *et seq.* and must be disclosed;

D. Order Defendant to expeditiously provide the requested records to Plaintiff within 10 business days of the Court's order and without cost to the Plaintiff;

E. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. §552(a)(4)(E); and

F.   Grant such other relief as this Court deems just and proper.

DATED: January 7, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAM S. SHELDON
MATTHEW I. ALPERT

s/ Sam S. Sheldon
SAM S. SHELDON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
ssheldon@rgrdlaw.com
malpert@rgrdlaw.com

HARDIN LAW OFFICE
MATTHEW D. HARDIN (*pro hac vice* forthcoming)
101 Rainbow Drive, PMB 11506
Livingston, TX 77399
Telephone: 202/802-1948
matthewdhardin@protonmail.com

Attorneys for Plaintiff

- 7 -

4911-2061-8368.v2